**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**GREENWOOD LEFLORE HOSPITAL,**                                         **MOVANTS**
**DR. ASA BENNETT, DR. BRUCE NEWELL,**
**DR. CRAIG CLARK, AND DR. RAVI PANDE**

**VS.**                                    **CIVIL ACTION NO. 4:17-mc-01-DMB-JMV**

**TIMOTHY G. O'BRYANT**                                            **RESPONDENT**

**IN RE:**

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF LOUISIANA*
*NEW ORLEANS DIVISION*

*TIMOTHY G. O'BRYANT*                                       *PLAINTIFF*

*VS.*                                                  *CIVIL ACTION NO. 2016-CV-13203*

*GRAY INSURANCE COMPANY, ENI*
*U.S. OPERATING CO., LONGNECKER,*
*ET AL*                                                     *DEFENDANTS*

_____

**ORDER ON MOTION FOR SANCTIONS**
_____

This matter is before the Court on Plaintiff's Motion for Sanctions— supplementing the [1] Emergency Motion to Quash Subpoenas. There were ample problems with the subpoenas at issue here— they are thoroughly delineated in the emergency motion to quash. The most disturbing of the litter will be discussed below. Having considered the motion, and corresponding briefing, the Court finds that it is well taken and should be GRANTED.

Background

There was a personal injury action, *O'Bryant v. Gray Ins. Co.*, No. 16-13203, 2017 U.S. Dist. LEXIS 166592 (E.D. La. 2017), brought before the Eastern District of Louisiana. Plaintiff's attorney in that action, Louis Koerner Jr., who is not licensed to practice law in the Northern

1

District of Mississippi federal courts, procured from the clerk of this court a number (at least 6) of the Administrative Office-approved form of subpoenas to appear and testify at a hearing or trial in the United States District Court of Mississippi. According to the subpoenas, as prepared by Mr. Koerner, a number of physicians who reside in Greenwood MS were commanded by this court to "Appear and Testify at a Hearing or Trial in a Civil Action" at Courtroom No. 329 in Greenville, Mississippi at 9:00 a.m. on October 23, 2017. However, no trial or hearing or other matter had ever been scheduled in Courtroom 329 at 9:00 a.m. on October 23, 2017.

Upon notice of the subpoenas, defense counsel properly filed a miscellaneous motion with this Court, the Court of the place of asserted compliance, and moved to quash the subpoenas and requested attorney's fees. After consideration of the motion, the Court granted the emergency motion to quash and set the matter for a hearing to determine appropriate sanctions. Upon notice of the hearing, Mr. Koerner replied to this Court by email stating, "The case has settled. The matters are moot. Thank you for your help." The Court promptly informed Mr. Koerner that the matter would be taken up as noticed, his appearance was, in fact, required, and that his failure to attend would result in further sanctions. Defense counsel submitted a supplemental motion for sanctions prior to the hearing. Mr. Koerner submitting briefing before and after the hearing.

## Jurisdiction

According to Federal Rule of Civil Procedure 45:

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena **must take reasonable steps to avoid imposing undue burden or expense** on a person subject to the subpoena. **The court for the district where compliance is required must enforce this duty and impose an appropriate sanction**—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1)(emphasis added).

Plaintiff's attorney, submitted the subpoenas at issue— and himself—to the jurisdiction of this Court, when he, without any authority to do so, issued subpoenas from this court to appear in this court for a trial in a case pending in Louisiana. Therefore, the matter is properly before this Court.

Law and Analysis

Federal Rule of Civil Procedure 45(a)(2) provides, "[A] subpoena must issue **from the court where the action is pending.**" There are no actions pending in this District involving the parties, the case number, or attorneys associated with the subpoenas.

Moreover, Federal Rule of Civil Procedure 45(a)(3) provides, "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena **if the attorney is authorized to practice in the issuing court**." (emphasis added). The subpoenas at issue here bear the signature of, and therefore were issued by, Attorney Koerner. However, Mr. Koerner is not authorized to practice law in the in the Northern District of Mississippi.

In short, as is plain from the Rule, Mr. Koerner had absolutely no colorable basis for the issuance of the subject subpoenas. Furthermore, the arguments advanced by Mr. Koerner to support the issuance of the subpoenas are so ill founded such that they are also not colorable. Indeed, the fact that Mr. Koerner continues to advance such meritless arguments to support the issuance of the subpoenas is only further evidence of his apparent willingness to run roughshod over the Federal Rules of Civil Procedure.

<u>Sanctions</u>

Mr. Koerner's actions have costs the movants the great expense of responding to the wholly improper subpoenas. Defense counsel has submitted itemized fees and expenses to the court and counsel opposite via electronic filing— totaling $3,413.00. Counsel for the Respondent has made no objection to the reasonableness of the amount thereof. Therefore, sanctions are hereby awarded to the movants in the full amount of attorney's fees.

**DEFENDANT IS, THEREFORE, ORDERED** to pay Movants' attorneys' fees within 45 days of the date of this order.

**SO ORDERED** this, the 6th day of November, 2017.

/s/ Jane M. Virden<br>**UNITED STATES MAGISTRATE JUDGE**